[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11200
Non-Argument Calendar
_____

D.C. Docket No. 0:18-cr-60231-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TONY DEVON SPELLS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 24, 2020)

Before WILLIAM PRYOR, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Tony Spells appeals his 48-month sentence for making a false statement in

information required to be kept in the records of a licensed firearm dealer.  He

argues that the district court miscalculated his base offense level under the United States Sentencing Guidelines and that his sentence is disproportionately harsher than sentences imposed on other defendants convicted of making false statements.[1] After careful review, we affirm.

## I.

In April 2018, Spells applied to purchase a firearm at a pawn shop in Fort Lauderdale. On the paperwork for purchase, Spells indicated that he had never been convicted of a felony. At the time, however, Spells had at least seven felony convictions and knew he was a convicted felon. The pawn shop submitted Spells's paperwork to the National Instant Criminal Background Check System, which denied Spells's application to buy a firearm.

In December 2018, a superseding indictment charged Spells with making a false statement to a federally licensed firearm dealer in violation of 18 U.S.C. § 922(a)(6) and knowingly making a false statement in information required to be kept in the records of a federally licensed firearm dealer in violation of 18 U.S.C.

---

[1] In his reply brief, Spells argues that his plea was involuntary and his indictment was defective. In support, he cites Rehaif v. United States, 588 U.S. ___, 139 S. Ct. 2191 (2019). Because Spells did not raise these arguments in his initial brief (filed after Rehaif was decided), the government moved to strike Spells's reply brief. This Court granted that motion. For this reason, we do not consider these arguments. See Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987) ("It is well settled that a party cannot argue an issue in its reply brief that was not preserved in its initial brief.").

§ 924(a)(1)(A).  In January 2019, Spells pled guilty to the second count before a magistrate judge, and the district court accepted his plea.

Before Spells was sentenced, the Probation Office prepared a presentence investigation report ("PSR").  The PSR described Spells's criminal history, including two Florida domestic-violence-related convictions from 2003 and 2010.  The PSR also noted that Spells was served with two temporary domestic-violence injunctions related to these convictions, as well as four domestic-violence injunctions stemming from other incidents.  On this basis, the PSR assigned Spells a criminal history category of IV.

The PSR determined that Guideline § 2K2.1 governed Spells's offense and assigned Spells a base level offense of 24 pursuant to § 2K2.1(a)(2).  Spells received a reduction of 3 levels for accepting responsibility and timely notifying the government of his intent to plead guilty, putting his total offense level at 21.

At sentencing, the district court calculated a guideline range of between 57- and 60-months imprisonment.  Spells argued that he should receive a downward variance, based on a 30-month sentence another judge recently imposed on a defendant with similar criminal history convicted of a similar offense.  The court acknowledged that the other defendant's case was "comparable" to Spells's, but noted that Spells had "refused to accept responsibility until the very, very end" while the other defendant pled guilty "early on."  Spells also argued that the "much

3

lower" recommended guideline ranges for other federal false-statement offenses counseled in favor of a downward variance in his case. Having heard these arguments, the court sentenced Spells to 48-months imprisonment, a slight downward variance from his recommended guideline range. Spells timely appealed.

## II.

We review de novo whether the district court applied the correct sentencing guideline to a defendant's underlying conduct. United States v. Belfast, 611 F.3d 783, 823 (11th Cir. 2010). We review for abuse of discretion whether the district court arrived at an unreasonable sentence after weighing the sentencing factors set out in 18 U.S.C. § 3553(a). See United States v. Irey, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc).

## III.

### A.

First, Spells says his base offense level should not have been calculated under Guideline § 2K2.1, which deals with "Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition[ and] Prohibited Transactions Involving Firearms or Ammunition." He argues that applying Guideline § 2K2.1 to his case results in great disparity between his sentence and the sentences of other defendants convicted of making a false statement. Spells cites the Sentencing

4

Guidelines' base offense levels for defendants convicted of making false statements in immigration and citizenship applications, bankruptcy proceedings, passport applications, and testimony given under oath, among others.

The district court correctly calculated Spells's base offense level under Guideline § 2K2.1. District courts must determine the Guidelines provision that applies to a given offense using the Statutory Index at Appendix A of the Guidelines Manual. See USSG §§ 1B1.1(a)(1), 1B1.2(a). The Statutory Index states that the appropriate Guidelines provision for 18 U.S.C. § 924(a) is § 2K2.1. See USSG App. A. Spells pled guilty to violating 18 U.S.C. § 924(a)(1)(A), and thus his guideline range was appropriately calculated using § 2K2.1. See Belfast, 611 F.3d at 824–25 (affirming application of a Guidelines provision listed with the defendant's offense of conviction in the Statutory Index).

## B.

Next, Spells asserts that the district court improperly weighed the 18 U.S.C. § 3553(a) sentencing factors. He says the district court did not properly consider sentencing disparities between himself and defendants convicted of making false statements on other types of applications. We reject his argument because the record shows that the district court compared Spells's sentence to the sentences of similarly situated defendants in order to avoid disparity.

5

Spells is correct that district courts are required "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009) (quoting 18 U.S.C. § 3553(a)(6)).  But "[a] well-founded claim of disparity . . . assumes that apples are being compared to apples." Id. (quotation marks omitted).  Spells, who made false statements in order to get a firearm, was not similarly situated to defendants who have made false statements about citizenship or bankruptcy.  See United States v. Jayyousi, 657 F.3d 1085, 1118 (11th Cir. 2011) (explaining that district courts "should not draw comparisons to cases involving defendants who were convicted of less serious offenses" when assessing potential sentencing disparities).

Beyond this, the district court entertained and rejected Spells's argument that he was similarly situated to defendants convicted of different offenses.  Spells argued at sentencing that his base offense level was too high because it was calculated under Guideline § 2K2.1, the firearm offenses guideline.  He asserted "the sentencing commission put [his offense] in with the firearms offenses" and "that's what drives the offense level so high."  He offered that "there are other offenses . . . [like] a false statement to a passport" or "lying to a federal agent [where] the guideline's much lower."  He reminded the court that he "lied on a form" and "merely gave [the pawn shop] $10 and filled out the form."  On this

6

basis, he asked the district court for a downward variance and to sentence him to the least amount of time possible.  The district court considered this request.

The court then pronounced Spells's sentence.  The court expressly compared Spells to other defendants with similar criminal history and offenses of conviction. The court rejected a comparison to one defendant who received a five-month sentence, because "th[at] defendant did not have the criminal history" that Spells did.  The court was more persuaded by a different case, in which a defendant with a criminal history category of V received a sentence of 30-months incarceration for similar conduct.  The court ultimately concluded that Spells should not receive a 30-month sentence because he had waited until "the eve of trial" to plead guilty, unlike the other defendant.  This consideration was proper.  Cf. Docampo, 573 F.3d at 1101 ("We have held that defendants who cooperate with the government and enter a written plea agreement are not similarly situated to a defendant who . . . proceeds to trial.").

In addition to comparing Spells's case to similarly situated cases, the court also considered the "troubling" nature of Spells's offense in light of his criminal history, including his "problem[s] with anger control and particularly domestic violence."  See 18 U.S.C. § 3553(a)(1) (directing courts to consider "the nature and circumstances of the offense and the history and characteristics of the defendant"). And the court expressed that "[t]he sentence I impose should promote respect for

7

the law and should serve to deter you as well as others."  See id. § 3553(a)(2)(A),

(B) (listing "respect for the law" and "adequate deterrence" as sentencing factors).

The court then imposed a sentence nine months below the recommended guideline

range.  In light of the district court's thorough discussion, it is clear the court

reasonably weighed the § 3553(a) sentencing factors.  We therefore affirm Spells's

48-month sentence.

    **AFFIRMED.**